IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:10-CR-041 |
| MALCOLM WAYNE HULLETT (1) | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 3, 2016, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Camelia Lopez.

On October 27, 2010, Defendant was sentenced by the Honorable United States District Judge David J. Folsom of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Distribute and Dispense with Intent to Distribute and Dispense Methamphetamine. Defendant was sentenced to fifty-one (51) months imprisonment followed by a three (3) year time of supervised release. On November 26, 2012, Defendant completed his period of imprisonment and began service of his term of supervised release. On February 8, 2013, this case was reassigned to the Honorable Judge Marcia A. Crone.

On June 23, 2015, the U.S. Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 90 Sealed]. The Petition asserted

that Defendant violated six (6) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer controlled substance[sic], or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall refrain from any unlawful use of a controlled substance; (5) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (6) Defendant shall participate in a program of testing and treatment for alcohol and drug abuse, under the guidance and direction of the U.S. Probation Office.

The Petition alleges that Defendant committed the following acts: (1), (2), and (3) On April 25, 2015, the Defendant was arrested by the Celina, Texas Police Department for the offense of Possession of a Controlled Substance, PG1, over 1 grams, less than 4 grams. According to the arrest report, the Defendant was observing [sic] driving away from a residence know[sic] for drug trafficking, and subsequently made contact with him after he pulled into the Sonic restaurant parking lot. Upon searching the Defendant's vehicle, officers located a syringe containing approximately one gram of methamphetamine, several other empty syringes, a bottle of synthetic urine, a hand warmer, an empty box for a "whizzinator touch" appliance, which is commonly used to falsify drug tests. The Collin County District Attorney's Office declines to file any charges related to the urination device; (4) and (5) On January 15, 2013, May 14 and June 9, 2014, and January 26 and February 20, 2015, the Defendant submitted urine specimens that tested positive for methamphetamine. The urine specimen of May 14, 2014, also tested positive for benzodiazepines. On all of the aforementioned occasions, the Defendant admitted

usage and/or the specimens were confirmed positive by Alere Toxicology Services, Inc; and (6) Defendant failed to report for drug testing at Addiction Recovery Center in Lewisville, Texas on April 1, 2015.

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations, one (1) through six (6) of the Petition. Having considered the Petition and the plea of true to each of the allegations one (1) through six (6), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons Ft. Worth facility, if appropriate, and that the Defendant participate in a program of treatment for alcohol and drug abuse.

**SIGNED this 4th day of February, 2016.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE